IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELEPHANT BUTTE IRRIGATION DISTRICT
OF NEW MEXICO, EL PASO COUNTY WATER
IMPROVEMENT DISTRICT NO. 1, OF TEXAS,

        Plaintiffs,

vs.                              Civ. No. 90-95 JP/KBM

UNITED STATES DEPARTMENT OF THE
INTERIOR; et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On February 10, 2003 Plaintiffs Elephant Butte Irrigation District and El Paso County Water Improvement District No. 1 filed Plaintiff Irrigation Districts' Motion for Reconsideration of Memorandum Opinion and Order of January 16, 2003 (Doc. No. 351). In connection with that motion, Plaintiffs filed Plaintiff Irrigation Districts' Motion for Extension of Page Limitation and for Extension of Limit on Exhibit Pages to their Motion for Reconsideration of Memorandum Opinion and Order of January 16, 2003 (Doc. No. 353), a motion that is opposed by the Federal Defendants. As an initial matter, I will grant the motion for extension and proceed to the merits of the motion for reconsideration.

In the Memorandum Opinion and Order of January 16, 2003 this Court granted partial summary judgment to the Federal Defendants on Count II of the Complaint, ruling that reformation of the recreation lease, as ordered previously by Judge Bratton, is appropriate. Under that lease, the State of New Mexico operates two state parks at Elephant Butte Reservoir and at Caballo Reservoir. The Court also ruled that the Secretary of Interior has no fiduciary duty or

other responsibility to produce net profits under the recreation lease, and thus the reformed lease will not require the Secretary either to generate revenues or to maximize profits. Additionally, the Court ruled that Plaintiffs are not entitled to a minimum level of credits under the recreation lease. Finally, the Court ruled that the United States must credit Plaintiffs with any net profits the United States might realize from net revenues it receives from the State under a reformed lease, after deducting its own lease-related expenses.

Having clarified the remaining issues in dispute in that Memorandum Opinion, the Court ordered the parties to present either a mutually acceptable draft or separate drafts of pertinent new provisions to be included in a reformed recreation lease. The parties were unable to agree, and so the Federal Defendants and the State Defendants presented one draft, and Plaintiffs presented a different one.

*Standard of Review.*

The motion for reconsideration is neither a Rule 59(e) motion to alter or amend a judgment nor a Rule 60(b) motion for relief from judgment because the Court has not yet entered a Rule 54 judgment. The motion was filed 25 days after entry of the Memorandum Opinion and Order, which contains interlocutory rulings. An interlocutory "order or other form of decision is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b). Although the Federal Rules of Civil Procedure do not provide for a motion to reconsider, this Court has previously recognized that it may use its plenary power to reconsider an interlocutory order and revise it "if justice so requires." Joseph G. Ambrose v. Thomas E. White, et al., CV No. 01-1263 JP/KBM (Mem. Op. & Ord. Jan. 28, 2003) Slip Op. at 3.

The Court has discretion to reconsider its interlocutory decisions. *See* <u>Anderson v. Deere & Co.</u>, 852 F.2d 1244, 1246 (10th Cir. 1988) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment. Rule 54(b)"). Courts often turn to the standard used in deciding Rule 59(e) motions, and reconsider an interlocutory decision if a party presents newly-discovered evidence, or if the decision is clearly erroneous. "[A]rguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed." <u>United States v. Castillo-Garcia</u>, 117 F.3d 1179, 1197 (10th Cir. 1997). *See also* <u>Resolution Trust Corp. v. Greif</u>, 906 F.Supp. 1446, 1456-57 (D. Kan. 1995) (noting a motion to reconsider is not a mechanism to raise arguments that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court).

*Merits.*

This Court has slogged through another set of briefs and exhibits (Plaintiffs' opening brief alone is 42 pages long with over 80 pages of exhibits attached), only to find that Plaintiffs have failed to demonstrate any grounds for reconsideration. The motion for reconsideration raises no new issues that were not or could not have been raised in the extensive briefing that preceded this Court's January 16, 2003 decision. None of the exhibits presents newly-discovered evidence. Thus, justice does not require that this Court alter its Memorandum Opinion and Order of January 16, 2003.

Plaintiffs argue that the Court was misled by the Federal Defendants into ruling on a false issue. This came about, say the Plaintiffs, through the Federal Defendants' egregious misrepresentations about the nature of the Plaintiffs' claims. The Court finds this argument

3

especially absurd after the careful consideration it gave to all Plaintiffs' arguments in ruling on the summary judgment motion.

Previously, Plaintiffs argued that the Secretary has a "non-fiduciary but nevertheless significant responsibility ... to manage Project lands in a certain manner." Pls' Resp. at 22 (Doc. No. 340). Plaintiffs did not identify the source of this responsibility as the 1937 contracts, but rather as "the 1924 Act or the 1926 Act." Id. They argued for imposition on the Secretary of a "business standard" requiring profits to be generated for the benefit of Plaintiffs, emanating from language in the 1924 Act and the 1926 Act. Id. at 22-24. Rather than being misled by the Federal Defendants' alleged misrepresentations, this Court carefully scrutinized Plaintiffs' argument regarding non-fiduciary duty, and specifically rejected it in the Memorandum Opinion and Order of January 16, 2003 at 10-11.

In the present briefing, Plaintiffs put more emphasis on alleged contractual, rather than statutory, duties. Plaintiffs submit that heretofore this Court and the Tenth Circuit Court of Appeals have only held that Subsection I does not create a fiduciary duty, and that there exists an "unexplored middle ground" of contract rights. If Plaintiffs are bringing up contract arguments for the first time now, rather than in their extensive briefing previously considered in detail by this Court and the Tenth Circuit, they are foreclosed from doing so. It is beyond the pale to suggest a new theory of recovery after some 13 years of litigation in this Court and in the Tenth Circuit Court of Appeals. Plaintiffs will not be permitted unlimited bites at the apple. After over 13 years of litigation, any unexplored ground for relief must remain unexplored.

IT IS THEREFORE ORDERED that:

(1) Plaintiff Irrigation Districts' Motion for Extension of Page Limitation and for Extension of Limit on Exhibit Pages to their Motion for Reconsideration of Memorandum Opinion and Order of January 16, 2003 (Doc. No. 353) is GRANTED; and

(2) Plaintiff Irrigation Districts' Motion for Reconsideration of Memorandum Opinion and Order of January 16, 2003 (Doc. No. 351) is DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE