IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELEPHANT BUTTE IRRIGATION DISTRICT
OF NEW MEXICO, EL PASO COUNTY WATER
IMPROVEMENT DISTRICT NO. 1, OF TEXAS,

        Plaintiffs,

    vs.                                        Civ. No. 90-95 JP/KBM

UNITED STATES DEPARTMENT OF THE
INTERIOR; et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On November 2, 2005 Federal Defendants and State Defendants filed a Joint Motion Requesting Approval of Language for Reformation of Recreation Lease (Doc. No. 399). Attached to the motion is Exhibit A, the Defendants' Joint Proposed Language for Reformation of Recreation Lease.  Plaintiff Elephant Butte Irrigation District ("EBID") filed its Response on November 21, 2005 (Doc. No. 403).  Plaintiff El Paso County Water Improvement District No. 1, of Texas ("El Paso No. 1") did not file a Response.  Defendants filed a Joint Reply on December 7, 2005 (Doc. No. 408).  Based on a thorough review of the pleadings, exhibits, and arguments of counsel, the Court will grant the motion, in part.

### Background

In Count II of the Complaint, Plaintiffs EBID and El Paso No. 1 challenged the United States' recreation lease with the State of New Mexico under which all lease revenues are assigned to the State.  Plaintiffs sought equitable relief to provide them with revenue credits as mandated by Subsection I of the Fact Finder's Act, 43 U.S.C. § 501.  The late Honorable Howard C.

Bratton ruled in favor of Plaintiffs on Count II, Mem. Op. & Order, 4/23/97 (Doc. No. 283) at 14-15.  In <u>Elephant Butte Irr. Dist. of New Mexico v. United States Dep't of Interior</u>, 269 F.3d 1158 (10th Cir. 2001), the Tenth Circuit Court of Appeals ruled that Plaintiffs' claim to credits under the Fact Finder's Act constitutes an "entitlement" which does not carry with it any fiduciary duty on the part of the Federal Defendants to generate or maximize profits for Plaintiffs' benefit.

This Court subsequently found that Judge Bratton's intention was "to reform the recreation lease to provide credits to Plaintiffs for any net profits from the recreation lease . . . ." Mem. Op. & Order, 1/16/03 (Doc. No. 349) at 9.  The Court also determined in its January 16, 2003 Memorandum Opinion and Order that the Tenth Circuit's above ruling applies equally to the recreation lease.  <u>Id.</u> at 10.  The Court directed the parties to present either a mutually acceptable draft or separate drafts "of pertinent new provisions to be included in a reformed recreation lease" in conformity with the Court's rulings.  <u>Id.</u> at 14.  The parties presented separate drafts.

On December 17, 2003 the Court resolved some issues related to reformation of the recreation lease.  Mem. Op. & Order, 12/19/03 (Doc. No. 385) at 3-15.  The Court determined, among other matters, that terms for equitably reforming the recreation lease may provide that the State Defendants are (1) not required to charge commercially reasonable rates, <u>id.</u> at 4, (2) entitled to deduct capital improvement expenses from gross revenues when calculating net revenues, <u>id.</u> at 11, and (3) entitled to carry over into future years their excess capital

expenditures when calculating net revenues, id. at 15.[1]  The Court also required the parties to enter settlement negotiations with Magistrate Judge Karen B. Molzen to attempt to resolve the issues left undecided, id. at 20, and in an accompanying letter the Court identified several Count II-related issues, some of which will affect lease reformation, that might be amenable to mediation.

Mediation was unsuccessful in resolving the remaining issues, and in a September 26, 2005 letter to counsel, this Court gave Federal Defendants and State Defendants a deadline to file a joint motion to approve the language they propose for the reformed State Parks recreation lease.  The letter also stated:

> Plaintiffs may respond and explain their objections, if any, to the proposed language.  If they wish, Plaintiffs may propose alternative language and explain the reasons therefor.  If Plaintiffs propose alternative language, Federal Defendants and State Defendants may file a reply and explain their objections, if any.

Letter from Court, 9/26/05, ¶ 2 at 2.  Plaintiff El Paso County Water Improvement District No. 1 did not file a response to the motion.  Therefore the following discussion pertains to those issues raised by EBID in its response.

## Discussion

In Exhibit A attached to their Joint Motion, Federal Defendants and State Defendants present their joint proposed language for reformation of the recreation lease.  EBID's suggested

---

[1] The Defendants' joint proposal, Exhibit A, provides that the State must apply 50% of park entrance fees and 100% of lease lot revenues to capital improvements and replacements, and 50% of park entrance fees and 100% of concession fee and park user fee revenues to administration, operation, and maintenance costs.  The proposal goes on to state that "in any year in which the State expends more for capital improvements and replacements than the minimum expenditure then required, the State will be allowed to apply the excess towards that obligation in future years."  EBID makes no specific objection to this language.  The Court assumes this language is intended to implement the Court's ruling that the State may carry forward its capital expenditures, although it is not clear that this is what it accomplishes.

3

new language for the recreation lease reformation is contained in its Response (Doc. No. 403) at 3-4.

The Court left open in its previous rulings two interrelated issues: (1) what revenues must be included in the State's gross revenues under the recreation lease; and (2) may the State deduct legitimate Park-related expenses incurred by agencies and departments other than the State Parks and Recreation Division of the Energy, Minerals and Natural Resources Department or its successor agencies? Defendants propose to exclude from the State's calculation of gross revenues those "amounts derived from State regulatory functions such as fishing or hunting licenses, boat permits or tax collections." Defts. Ex. A. At the same time, Defendants propose to allow the State to deduct from gross revenues those legitimate Park-related expenses that are assessed by other State agencies and departments and by local government bodies (for example, police, fire protection, and ambulance services at the State Parks provided and assessed by Sierra County). Defts. Mem. in Supp. of Joint Motion (Doc. No. 400) ¶ 5 at 5-6.

The Court agrees that the State should be allowed to exclude from gross revenue calculations its income from fishing and hunting licenses, boat permits and related tax collections. Although these are items of Park-related income, they are not specific to these two State Parks as these licenses and permits may be used anywhere in the State. However it seems unfair to allow the State to deduct all Park-related expenses, even those incurred and assessed by other agencies and entities, including such items as public safety, roads, utilities, and so forth. Elephant Butte and Caballo Lake Parks are the locations of much of the fishing and boating activity in New Mexico, and it is undeniable that they also account for much of the fishing and boating fees paid to the State. Rather than requiring the State to prorate its revenues from those activities

attributable to these two State Parks, it seems more equitable to deny the State the right to deduct from gross revenue calculations those Park-related expenses incurred by state agencies and departments (other than the State Parks and Recreation Division of the Energy, Minerals and Natural Resources Department or its successor agencies) or by other entities like Sierra County that provide services to the Parks.

Therefore, the reformed lease should provide that, when net revenues from the operation of Elephant Butte and Caballo Lake State Parks are calculated, the State's "revenues shall not include amounts derived from State regulatory functions such as fishing or hunting licenses, boat permits or tax collections," as proposed in Defendants' Exhibit A. However, contrary to the joint proposal by Defendants, the reformed lease should provide that the State may not deduct Park-related expenses incurred by agencies and entities other than the State Parks and Recreation Division of the Energy, Minerals and Natural Resources Department or its successor agencies.

Another matter not previously resolved by the Court, nor addressed in the proposed lease reformation language, but relevant to the Court's determination, is the effect of 43 U.S.C. § 387 on the recreation lease.

> The Secretary, in his discretion, may (a) permit the removal, from lands or interests in lands withdrawn or acquired and being administered under the Federal reclamation laws in connection with the construction or operation and maintenance of any project, of sand, gravel, and other minerals and building materials with or without competitive bidding: *Provided,* That removals may be permitted without charge if for use by a public agency in the construction of public roads or streets within any project or in its immediate vicinity; and (b) grant leases and licenses for periods not to exceed fifty years, and easements or rights-of-way with or without limitation as to period of time affecting lands or interest in lands withdrawn or acquired and being administered under the Federal reclamation laws in connection with the construction or

5

> operation and maintenance of any project: *Provided,* That, if a water users' organization is under contract obligation for repayment on account of the project or division involved, easements or rights-of-way for periods in excess of twenty-five years shall be granted only upon prior written approval of the governing board of such organization.  Such permits or grants shall be made only when, in the judgment of the Secretary, their exercise will not be incompatible with the purposes for which the lands or interests in lands are being administered, and shall be on such terms and conditions as in his judgment will adequately protect the interests of the United States and the project for which said lands or interests in lands are being administered.

43 U.S.C. § 387.  The Court has considered the arguments of the parties contained in previous briefing.  Plaintiffs argue that § 387 requires the Secretary to obtain the prior written approval of the Irrigation Districts before entering into a 50-year recreation lease.  Thus Plaintiffs contend that the Secretary violated § 387, the remedy for which is either to void the lease or to conform the lease to the statutory requirements.  Plaintiffs read § 387 to mean that the lease should be limited to 25 years absent prior written approval of the Irrigation Districts.  Thus, they reason, the 1973 lease should have expired in 1998, taking the parties back to 1964 before the first recreation lease was executed, and the Irrigation Districts would have to be included in the negotiations for a new lease under the "prior written approval" language of § 387.  The Irrigation Districts would, of course, insist on the State making lease payments to the United States, resulting in Subsection I credits to the Irrigation Districts.

The Federal Defendants argue, and the State Defendants agree, that § 387 does not apply to the recreation lease.  They assert that it only applies to mineral leases and/or leases for sand and gravel extraction.  Next, they argue that if § 387 does apply to the recreation lease, and if the Court found a specific conflict between it and the 1962 and 1965 recreation statutes, then the

6

later statutes that are specific to recreation would control over the earlier, general provisions of § 387, enacted in 1939. They contend that the later recreation statutes place no limitation on the length of the term of recreation leases, so a conflict between the statutes would not invalidate the 50-year term of the recreation lease. The Federal Defendants also argue that even if § 387 applies to the recreation lease, the language allows 50-year recreation leases without the "prior written approval" of the Irrigation Districts. Finally, the Federal Defendants contend that even if § 387 applies, the recreation lease does not, as claimed by Plaintiffs, interfere with the irrigation purpose of the Rio Grande Project. Although the recreation use may result in fewer or no Subsection I credits to the Irrigation Districts because the lease wipes out net profits, that does not impair the primary purpose of the Project.

      The Court interprets § 387 as not requiring the Secretary to obtain the prior written approval of the Irrigation Districts for the 50-year recreation lease. By its terms subsection (b) of the statute only requires approval for "easements and rights-of-way for periods in excess of twenty-five years," not for leases. Also, there has been no showing that recreational opportunities at the Parks conflict with the primary purpose of Elephant Butte and Caballo Reservoirs, i.e. as storage facilities of water for downstream users within the Rio Grande Project.

      EBID complains of a lack of factual discovery, and contends that the Court is attempting to accomplish equity in a vacuum. The Court sees no compelling reason to draw out this litigation any further with needless factual discovery when EBID's real dispute is with this Court's and the Tenth Circuit Court of Appeals' legal rulings that, as EBID describes them, result in a pyrrhic victory. The Irrigation Districts may seek additional relief from Congress if they want to ensure that they will receive Subsection I credits under the recreation lease, but given the legal

rulings that preceded my involvement in this case, and my interpretations of the effects of those rulings, the Irrigation Districts cannot accomplish that purpose through this lawsuit.

The Court has scheduled a hearing on June 27, 2006 to discuss questions related to the Federal Defendants' Motion to Approve Accountings (Doc. No. 398). At that hearing the Court intends to settle on the final language of the reformed recreation lease.

THEREFORE Federal Defendants' and State Defendants' Joint Motion Requesting Approval of Language for Reformation of Recreation Lease is granted, in part.

Federal Defendants and State Defendants are hereby ordered to revise their proposed language of the reformed recreation lease consistent with the Court's rulings herein, and to present the revised language to the Court and other parties by June 20, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE